# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AARON A. ROMANO,

    Plaintiff,

v.

ROSIE M. SMITH, et al.,

    Defendants.

Case No. 2:06-CV-01511-KJD-PAL

**ORDER**

    On June 4, 2007, Plaintiff Aaron Romano ("Romano") filed the instant Motion to Request Matter be Withdrawn (#25). Defendants to date, have not filed a Reply.

**I. Background**

    On or about November 22, 2006, Plaintiff Romano filed a Complaint seeking declaratory and injunctive relief (#1), together with a Motion for Preliminary Injunction to Stay National Association of Securities Dealer's ("NASD") Arbitration of Defendant Smith's Statement of Claims (#2), and Motion for Order for Speedy Hearing of Action for Declaratory Judgment (#2). In response, Defendant NASD filed a Motion to Dismiss Complaint for Failure to State a Claim as well as a Response to Plaintiff's Preliminary Injunction Motion (#13). Defendant Rosie Smith ("Smith") also

filed a Motion to Dismiss for Lack of Jurisdiction, and a Response to Plaintiff's Preliminary Injunction Motion (#14).

The instant Motion was filed as a result of the alleged dismissal of the NASD Arbitration of the underlying matter. On or around April 23, 2007, Defendant Smith contacted Romano directly to advise him that she was dismissing her NASD complaint against him. Smith allegedly informed Romano that she had notified her counsel, David Liebrader, Esq. (Hereafter referred to as "counsel Leibrader"), that she wished to drop all claims against Romano, including but not limited to the NASD complaint. Allegedly Plaintiff's attorney contacted Liebrader regarding entering into a stipulation to dismiss the NASD complaint as well as the immediate action before this Court. In response, counsel Liebrader allegedly notified the NASD that he was withdrawing as attorney for Smith and therefore that he was no longer subject to the NASD's jurisdiction. According to Plaintiff, counsel Liebrader did not withdraw Smith's NASD complaint, and further, informed Romano's counsel that he would not execute a stipulation with regards to the current matter nor take action regarding a withdrawal as counsel under LR IA 10-6 for this Court.

Thereafter, Smith withdrew her NASD complaint in proper person, and the matter was removed from the NASD Dispute Resolution's arbitration docket, effective May 31, 2007. (Pl.'s Mot. at 3.) Here, Plaintiff states that because the NASD Arbitration matter has been dismissed, the current matter before this Court is moot.

**II. Analysis**

Fed. R. Civ. P. 41(a) states:

> **(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

**(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Here, both Defendants have filed answers to Plaintiff's Complaint. Furthermore, counsel Liebrader has refused to enter into a stipulation to dismiss the matter. Therefore, Romano cannot file a notice of voluntary dismissal at this time pursuant to Fed. R. Civ. P. 41(a)(1), and requests that the Court dismiss the matter pursuant to Fed. R. Civ. P. 41(a)(2).

Plaintiff alleges that counsel Liebrader has refused to sign a stipulation of dismissal, yet also has indicated that he no longer represents Defendant Smith. According to LR IA 10-6(b) however, "[n]o attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel." To date, the Court docket reflects no filing by counsel Liebrader which seeks the Court's leave to withdraw in this matter. Therefore, counsel Liebrader is not withdrawn in this case, and will be recognized as Defendant Smith's counsel in this matter until the Court is appropriately notified otherwise.

LR 7-2(d) allows the Court to consider failure to file points and authorities in opposition as consent to the granting of the motion. Here, neither Defendant has filed points or authorities in opposition to Plaintiff's Motion to Request Matter be Withdrawn. Therefore, the Court accepts the circumstances as alleged in Plaintiff's Motion as uncontested, and therefore finds that Plaintiff's Motion to Request the Matter be Withdrawn (#25) should be granted pursuant to Fed. R. Civ. P. 41(a).

**III. Conclusion**

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Request the Matter be Withdrawn (#25) is **GRANTED**.

**IT IS FURTHER ORDERED**, that Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

**IT IS FURTHER ORDERED** that all pending Motions (#s 2, 5, 14, 16) are **DENIED** as moot.

DATED this 14th day of June, 2007.

_____
Kent J. Dawson
United States District Judge